1
Francis L. Murphy III
Plaintiff *Pro Se*
2
231 W. Horizon Ridge Pkwy
#2627
3
Henderson, Nevada 89012



4

5

6
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

7

8

9
Francis L. Murphy III, *Pro se*                    2:12-cv-01696-JCM-GWF

Plaintiff,
10
vs.                                              )
11                                                 )
Kopolow Law Office et. al., CACH LLC a/k/a )
12                                                 )
SquareTwo Financial et. al.                       )
13
Defendant
14

15

16

17
## JURISDICTION
18

19      This action arises out of Defendant(s) violations of the Fair Debt Collection Practices

20 Act, (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), and the Telephone Consumer Protections

21 Act, 47 U.S.C § 227 ("TCPA"), in their efforts to collect on an alleged consumer debt from

22 Plaintiff.

23

24      The United States District Courts also retains jurisdiction over Plaintiffs TCPA claims as

25 well, even in the event any or all FDCPA claims are dismissed. When we look at the U.S.

26 Supreme Court decision in ***Mims v. Arrow Financial Services, LLC, No. 10-1195, 2012 WL***

27 ***125429 (Jan. 18, 2012)*** the court unanimously holds that based on ***28 U. S. C. §1331*** the court

28 can observe federal jurisdiction for a TCPA action.

Under *28 U. S. C. §1331* - **Federal question:**

*The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. (Emphasis added.)*

1. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses (emphasis added).

# COMPLAINT

# PARTIES

1. Plaintiff is a natural person who is a resident of Nevada.

2. Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

4. Defendant CACH, LLC ("CACH") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Nevada. Its principal place of business is the State of Colorado and it is incorporated in Colorado.

5. Defendant Kopolow Law Offices a/k/a Stephen R. Kopolow Esq., a Professional Law Firm ("Kopolow Law") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Nevada. Its principal place of business is the State of Nevada and it is incorporated in Nevada.

6. Supposedly, Defendant "CACH LLC" purchased or was assigned the alleged debt and the right to collect.

7. CACH LLC hired Kopolow Law Office to collect this debt.

8. CACH approved of Kopolow's Law Office in its collection efforts on this debt.

9. CACH is a debt collector under the FDCPA in its collection efforts against Plaintiff.

10. Kopolow Law Offices is a debt collector under the FDCPA in its collection efforts against Plaintiff.

11. Plaintiff experienced abusive, deceptive, illegal, or harassing tactics in the process of collections of the alleged debt by the Defendants and in direct violation of FDCPA.

12. Plaintiff has been subjected to calls from Defendant Kopolow Law Office for a debt allegedly owed.

13. The Defendant Kopolow Law Office called Plaintiff on his personal cell phone when no consent was given to either of these parties.

14. Defendant Kopolow Law Office illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

15. Defendant Kopolow Law Office illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

16. Defendant Kopolow Law Office illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

17. Plaintiff never gave Defendants permission to call Plaintiff's cell phone with an autodialer.

18. Plaintiff never gave Defendants permission to call Plaintiff's cell phone with a predictive dialer.

19. Plaintiff never gave Defendants permission to call Plaintiff's cell phone with pre-recorded calls.

20. The type of calls are harassing as the intent and motive behind them is to harass Plaintiff into paying Defendant when Plaintiff asserts he does not owe the Defendant or has ever had an account with CACH LLC or Kopolow Law Offices.

## FACTUAL ALLEGATIONS

### NEGILGENT AND WANTON HIRING AND SUPERVISING

21. Defendant CACH LLC negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff.

# FACTS

## I.

### (TCPA -47 U.S.C. § 227)

22. The Defendant made the following calls to Plaintiffs personal cell phone located at (702)481-5721.

23. The Plaintiff received all calls from the following numbers:

      i.  702-228-1486

      ii.  702 551-8600

      iii.  866-993-3665

      iv.  866-664-7077

24. The Plaintiff has retained the voicemails in their original electronic format for use as evidence.

25. The Defendant placed the following illegal and unauthorized phone calls to Plaintiff's cellular telephone number:

26. Date-8/25/2011      Time-2:22PM

27. Date-12/28/2010      Time-9:19AM

28. Date-12/23/2010      Time-4:26PM

29. Date-12/23/2010      Time-4:25PM

30. Date-9/27/2010      Time-2:53PM

31. The Plaintiff asserts that according to TCPA 47 U. S. C. §227(b)(1)(A)(iii) all calls were illegal and in direct violation.

**TCPA 47 U. S. C. §227(b)(1)(A)(iii) – Restrictions on the use of automated telephone equipment:**

*(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any*

*person outside the United States if the recipient is within the United States—*

    *a.  to make any call (other than a call made for emergency purposes or made with the*

    *prior express consent of the called party)* ***using any automatic telephone dialing***

    ***system or an artificial or prerecorded voice—***

        *iii. to any telephone number assigned to a paging service, cellular telephone*

        *service, specialized mobile radio service, or other radio common carrier*

        *service, or any service for which the called party is charged for the call*

        *(Emphasis Added).*

     The TCPA is a strict liability statute. Each call that directly violates the statute is subject to a $500.00 penalty *47 U.S.C. § 227(b)(3)(B)* however, the Plaintiff asserts that considering the frequency, actions, and blatant disregarding the Defendant has shown for the violations it has conducted, this honorable court should observe *TCPA 47 U.S.C. § 227(b)(3)(B)(B),* in which the court may allow the trebled damages of 1500.00 per call for willfully and knowingly violating the statute .

## II.

### (FDCPA - 15 U.S.C. § 1692 et seq)

32. The Defendant Kopolow Law Office filed a civil action against the Plaintiff on behalf of CACH LLC in the Henderson Justice Court on December 20, 2010.

33. The Plaintiff to his knowledge was never contacted previously in regards to this debt and was only made aware of its status upon being served a summons.

34. Plaintiff responded to the civil action and also requested validation of this debt to both Kopolow Law Office and what he believed was CACH LLC.

35. Plaintiff sent his debt validation to the address he was able to find listed for CACH LLC but was actually to a company called SquareTwo Financial and Kopolow Law Office.

36. The address listed for CACH LLC that Plaintiff was able to obtain was 4340 South Monaco Street, 2nd Floor, Denver, CO 80237.

37. Plaintiff was confused sending out his validation because Kopolow Law Office utilized two different company names in which they sued under claiming to be Plaintiff. Please see attached (Exhibits A and B)

38. The Plaintiff then received a privacy notice addressed from the company CACH LLC at the above address which listed yet another company name of CA Holdings, Inc (Exhibit C).

39. On December 19, 2011 Plaintiff received a packet of information from Defendant CACH LLC which was referenced to be validation for the account in which was in question. Attached is the cover letter to that validation (Exhibit D).

40. Plaintiff observed that in the packet of information that CACH LLC (Exhibit D) was listing a totally different account number than what was referenced in the suit brought by Kopolow Law Office listing the alleged accounts (Exhibit E).

41. Plaintiff continued to dispute the alleged debt with Defendant CACH LLC, and sent another letter requesting specific validation information and proof that they were entitled to collect the debt in question.

42. Plaintiff sent his second validation letter to Defendant around the end of November 2011.

43. Plaintiff received a second packet of information from CACH LLC that was referenced as validation of the debt and that they considered my second request the same as a previously submitted dispute.

44. Defendant never provided any proof of ownership of the alleged debt, bill of sales, chain of custody, or any other information that would allow the Plaintiff to determine they were entitled to any monies.

45. Defendant never provided a signed or unsigned copy of the Card Member Agreement issued by the bank on the alleged account.

46. Defendant is attempting to collect interest and amounts but have provided no information that allows them to legally collect such fees.

47. Defendant is attempting to collect an amount which is listed at over double the amount of the original claimed debt that was written off by the original creditor.

48. Plaintiff had to call Defendant Kopolow Law Firm on March 23, 2012 in regards to scheduling a case conference for the civil action they had brought in the Justice Court of Henderson.

49. Plaintiff left messages for the Defendant and finally received a call back from someone who claimed to be Stephen Kopolow.

50. Plaintiff advised Defendant he was calling in regards to the Order he received in the US Mail and to schedule a case conference.

51. Defendant Stephen Kopolow in so many words said that he was already working on a Motion for Summary Judgment in the case and that it was going to be filed.

52. Defendant Stephen Kopolow advised Plaintiff he was tired of playing around and was just going to file for summary judgment.

53. Defendant Stephen Kopolow advised Plaintiff he would give Plaintiff one more chance to have an early case conference and scheduled that for April 4, 2012.

54. Defendant Stephen Kopolow advised in so many words that if Plaintiff did not show up for the early case conference that he would file for summary judgment and the courts would pretty much give him what he wanted.

55. Plaintiff asserts that Defendant never sent him information relating to a secondary case conference and never received that information at his address: P.O. Box 60784, Boulder City Nevada, 89006.

56. Plaintiff had to get a Postal Office Box because Kopolow Law Office was sending mail to an address where multiple individuals had access to checking it.

57. Plaintiff was finally able to obtain a Card Member Agreement relating to the credit card account Defendant was attempting to collect on, and was able to determine the contract offered alternative methods for dispute which included private contractual arbitration.

58. Plaintiff evoked his right to arbitration to settle Defendants claims and the case is still pending arbitration.

## CAUSES OF ACTION

## I.

## (TCPA -47 U.S.C. § 227)

59. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

60. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers that have been unleashed against Plaintiff by Defendant.

61. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers that have been unleashed against Plaintiff by Defendant.

62. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant.

63. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the Defendants to use these against Plaintiff's cell phone.

64. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed trebled statutory damages of $1,500.00 per call 47 U.S.C. § 227(b)(3)(B)(B).

65. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

66. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## II.

### (FDCPA - 15 U.S.C. § 1692 et seq)

67. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

68. Plaintiff asserts that Defendants willfully and deceptively used multiple company names on their documents, collection activities, and court paperwork in violation of 15 U.S.C §1692e to mislead Plaintiff and possibly prevent him from discovering his consumer rights and right to arbitration under the agreement this debt is based on. The most recent of these violations taking place with the submission of the privacy policy, and validation letters to Plaintiff towards the end of 2011. These multiple names could easily confuse the least sophisticated consumer which is the level of competence the FDCPA is based upon.

69. Plaintiff asserts that Defendants violated 15 U.S.C §1692e by providing him deceptive validation information that lists an account number of 120007794598, however, is not an account number listed in the civil action brought by Kopolow Law Firm. This can lead the least sophisticated consumer to believe they are being sued on a different debt, or that the account in question is not the one the Defendant is validating. It also prevents the consumer from obtaining correct or factual information related to the debt, a tactic to aid the Defendant in receiving a swift summary judgment before the Plaintiff can obtain the needed information on the account.

70. Plaintiff asserts the Defendants violated 15 U.S.C § 1692e(2)(a) & § 1692f(1)  by using false, deceptive, or misleading representations or means in connection with collection of the debt, including the amount owed. The Defendant has submitted interest fees in their civil suit and their validation paperwork but to date are unable to provide a contract allowing such fees and interest as seen in (Exhibit D)

71. Plaintiff asserts the Defendants violated 15 U.S.C § 1692e(2)(a) & § 1692f(1)  by using false, deceptive, or misleading representations or means in connection with collection of the debt, including the amount owed. The Defendant has submitted requests in their civil suit for attorney fees but to date are unable to provide a contract allowing such fees or indicating the Plaintiff is responsible for such fees.

72. Plaintiff asserts Defendant Stephen Kopolow was abusive, or threatening while conducting the phone call that took place on March 23, 2012 when advising the Plaintiff he could care less what the Plaintiff did that he would get his judgment and do something with wages. This was deceptive as Defendant was threatening the legal action of a

summary judgment that could not be taken at that time, and to date has never been pursued or filed with the courts 15 U.S.C § 1692e(5).

73. Plaintiff asserts the Defendants violated 15 U.S.C § 1692e(10) by using false, deceptive, or misleading representations or means in connection with collection of the debt when they claimed to have sent notice of a second early case conference to Plaintiff but it was never received at his P.O. Box address, this was an attempt to hinder the Plaintiffs participation in the civil proceedings in hopes of gaining a judgment. Defendant then filed a motion to strike Plaintiffs answer when Plaintiff never showed up for the case conference because he was not notified.

74. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

***Abusive debt collection practices contribute*** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and ***to invasions of individual privacy.*** *15 U.S.C. § 1692(a) (emphasis added).*

75. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

It is the policy of the Congress that ***each financial institution has an affirmative and continuing obligation to respect the privacy of its customers*** and to protect the security and confidentiality of those customers' nonpublic personal information. *15 U.S.C. § 6801(a) (emphasis added).*

76. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

77. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

78. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to damages.

## SUMMARY

79. All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant was made in violation of the TCPA and or FDCPA.

80. This series of abusive collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

81. Defendant's repeated attempts to collect this debt from Plaintiff and intentional violations of the law were an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

82. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## DEMAND

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## I.

## (TCPA-47 U.S.C. § 227)

83. for an award of actual damages from Defendant including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;

84. statutory damages trebled at $1,500.00 per call for all 5 calls (attempted and completed calls, as well as pre-recorded voices messages that were received); and

85. for such other and further relief as may be just and proper.

## II.

### (FDCPA - 15 U.S.C. § 1692 et seq)

86. for an award of the maximum statutory damages from Defendant for multiple violations, eight in total of the FDCPA allowable under 15 U.S.C § 1692k(a)(1)(2) and the amount of any additional damages to be determined at trial;

87. for all cost incurred to Plaintiff in bringing this action;

88. for all attorney fees in the event Plaintiff is required to hire counsel; and

89. for such other and further relief as may be just and proper.

Respectfully Submitted,

Francis L. Murphy III

Plaintiff *Pro Se*

231 W. Horizon Ridge Parkway

#2627

Henderson, Nevada 89012

702-481-5721

Frankmurphy3@gmail.com

# JUSTICE COURT, HENDERSON TOWNSHIP

## CLARK COUNTY, NEVADA



_____
                    Plaintiff,

vs

FRANCIS MURPHY, a/k/a FRANCIS MURPHY, III., an
individual, DOES I through X, inclusive,
_____
                    Defendant.

Case No. 10C H 4383

Dept. No. ____ I ____

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court. A $33.00 filing fee is required.

        b.  Serve a copy of your response upon the attorney whose name and address is shown below.

    2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

_____
Attorney for Plaintiff

**Stephen R. Kopolow, Esq.**
_____
Name

1050 E. Flamingo Rd., Ste. R-180, Las Vegas, NV 89119
_____
Address

**(866) 200-9360**
_____
Telephone Number

By ____ DENISE DURAN ____    12-30-10

**Deputy Clerk**                              Date
Henderson Justice Court
243 Water Street
Henderson, NV 89015

**NOTE:** When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure 4(b)

APPROPRIATE COURTROOM ATTIRE REQUIRED
NO SHORTS, HALTER TOPS OR TANK TOPS
SHOES ARE REQUIRED
(NO FOOD OR DRINK PERMITTED)

JC Henderson
Rev. 02/02

**STEPHEN R. KOPOLOW, P.C.**
Stephen R. Kopolow, Esq.
Nevada Bar No. 8533
1050 E. Flamingo Road, Suite R-180
Las Vegas, NV 89119
866-200-9360
Attorney for Plaintiff

IN THE JUSTICE COURT, HENDERSON TOWNSHIP

CLARK COUNTY, NEVADA

|  |  |
|---|---|
| ~~████████, LLC,~~ ) | Case Number:  10CH4383 |
| Plaintiff, ) | Dept. No.:      1 |
| ) |  |
| vs. ) |  |
| ) |  |
| FRANCIS MURPHY a/k/a FRANCIS ) | Date of Hearing: |
| MURPHY III, an individual,  DOES I through ) | Time of Hearing: |
| X, inclusive, ) |  |
| ) |  |
| Defendant. ) |  |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS,

## INTERROGATORIES, AND REQUESTS FOR PRODUCTION

To:     FRANCIS MURPHY a/k/a FRANCIS MURPHY III, Defendant.

Pursuant to the Nevada Rules of Civil Procedure, you are to answer and respond to the

attached Requests for Admissions ("RFAs), Interrogatories, and Requests for Production ("RFPs)

separately, fully, and in writing. You should deliver a true copy of your answers and responses to

the undersigned attorney by the deadlines stated below.

/ / /

/ / /

/ / /

1

EXHIBIT   C

Notice of Privacy Policy of CA Holding, Inc. Family of Companies

**Effective:  August 1, 2010**

**Your need for confidentiality and privacy is important to us.** We recognize that privacy is an important element of our customers' confidence in us, and we understand that our customers expect us to collect and retain nonpublic personal information responsibly. The following privacy policy guidelines will explain how we manage this information in order to meet these goals. All provisions in this Notice of Privacy Policy, including our collection and disclosure practices, apply to credit applicants, as well as customers and former customers.

This notice of privacy policy applies to the CA Holding family of companies which consists of CA Holding, Inc.; Autus, LLC; CA Internet Marketing, LLC; CACH of NJ, LLC; CACH, LLC; CACV of Colorado, LLC; CACV of New Jersey, LLC; Candeo, LLC; SquareTwo Financial Commercial Funding Corporation, SquareTwo Financial Corporation, Healthcare Funding Solutions, LLC, Orsa, LLC and Refinance America, Ltd.

**Information Collection**

**In order to provide you with the highest level of quality service, we collect the following kinds of nonpublic personal information about you:**
- Information you included on applications or other forms, such as your name, date of birth, contact information, income and obligations;
- Information we receive from you about your transactions with us or creditors, such as prior loans, terms, payoffs, and payment history;
- Information we receive from consumer reporting agencies;
- Information we receive as a result of verifying your information with non-affiliated third parties, such as grade, rank, and duration of service; and
- Web based tools when you visit our Websites, such as "cookies".   Our Websites, however, are currently programmed to create only "per session cookies" in order to interact with our database.  No personal identifying information is involved with these cookies.  When logging out, any cookies created will automatically expire, and no permanent change or record will exist on your hard drive.

Note that we currently do not collect any specific identifying information about you on our Websites unless you choose to provide information to us by completing an online application or by sending us an email. We may, however, record certain non-personal statistical data about visitors to the Websites on an anonymous basis, such as information about the time and length of your visit, the pages you looked at, and the website you visited prior to ours. We may also retain the name of your internet service provider. This information about usage patterns helps us improve the quality and content of our Websites.

**Information use**

We may disclose all of the nonpublic personal information that we collect, as described above, to our affiliates or nonaffiliated third parties, as described below:
- To affiliated or non-affiliated service providers who perform services for us or act on our behalf, such as a company that provides mailing services on our behalf and entities that provide collection related services on our behalf.
- Credit reporting agencies.
- To non-affiliated third parties as permitted or required by law, such as the original creditor and other entities that have an ownership interest in your account or in response to a subpoena.

1835-17921

**Security Standards**

**We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.** Access to your personal information is limited to employees and other authorized third parties as allowed by law. Employees are only authorized to access nonpublic personal information that is necessary for them to perform their job duties.

Our Websites include links that may take visitors to third party sites that are governed by their own privacy statements. When you click through to these sites, our Notice of Privacy Policy no longer applies.

**Accuracy and Your Right to Correct**

**Keeping your account accurate and up to date is very important.** We want the information we gather and maintain to be current and complete. You can assist us by checking your account from time to time to discover obsolete or inaccurate information. If you ever find that your personal information is inaccurate or obsolete, please let us know by sending an email to informationupdate@squaretwofinancial.com, by mailing a notice to the address listed below or by calling us at (800) 478-5541. We will promptly update or correct any erroneous information.

**Contact Information**

We will send out our Notice of Privacy Policy annually for as long as you remain our customer regardless of whether our policies have changed during the course of a particular year. If you have any questions about our privacy statement and/or security measures, please feel free to contact us at:



4340 S. Monaco St., Suite 200
Denver, CO 80237

Electronic Service Requested

000035

PRSRT STD
U.S. Postage
PAID
HC

32728***AUTO**SCH 5-DIGIT 890
FRANCIS MURPHY
PO BOX 60784
BOULDER CITY, NV 89006-0784

181

24

EXHIBIT  D

Received   12-19-2011

# *CACH, LLC*

December 13, 2011

**Francis L. Murphy III**
P.O. Box 60784
Boulder City, NV 89006

Re:          Written Dispute Letter Dated: November 26, 2011

Dear Francis L. Murphy,

We are in receipt of your written dispute referenced above. CACH, LLC is a purchaser of charged off receivables. CACH, LLC does not engage in any direct collection activity.  Accounts are placed for collection with third party law firms and collection agencies. Our investigation into your dispute reveals the following information.

Debtor Name:
Address:
Debtor Date of Birth:
Debtor SS#:
Original Creditor:
Original Account Number:

MURPHY, FRANCIS
PO Box 60784, Boulder City, NV 89006
05/29/1981
XXX-XX-4803
BANK OF AMERICA NA
488893799448xxxx

Account Charge off Date:
Date Placed on our System:

07/31/2008
09/02/2008

Account Status:
Reporting Status:
Reported Dispute Status:
Other comment:

OPEN
COLLECTIONS: SERIOUSLY PAST DUE ACCOUNT
DISPUTE

Sincerely,

Customer Service

This letter is sent pursuant to the requirements of 16 C.F.R. 660.4(e)
This letter is not an attempt to collect a debt.



4340 S. Monaco St.
Second Floor
Denver, CO 80237

Phone    (800) 478-5541
Fax       (303)713-2505

EXHIBIT   E

ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff believes that each Defendant(s) may be responsible in some manner for the events herein referred to and caused damages proximately thereby to Plaintiff alleged herein.

4.      Plaintiff is informed and thereupon alleges that at all times relevant hereto, each of the Defendants was the principal, agent, employee, co-conspirator, each of all the others, and at times mentioned herein were acting within the course and scope of such relationships.

5.      BANK OF AMERICA, N.A. issued a credit card in the Defendant's name under its account number, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The account number was changed to ▮▮▮▮▮▮▮▮▮▮▮▮▮ then to ▮▮▮▮▮▮▮▮▮▮▮▮ and finally, by the Plaintiff to ▮▮▮▮▮▮▮▮

6.      The Defendant received and used (or authorized the use of) the card and thereby became obligated to pay for the charges incurred with the debt.

7.      On or about 12:00:00 AM, Defendant defaulted on the obligation to make monthly payments on said credit card account, and the account was subsequently canceled.

8.      The entire balance on the account is presently due and payable in full.

9.      The credit card account was charged off to profit and loss by BANK OF AMERICA, N.A. on or about 7/31/2008.

10.     The total account balance purchased by Plaintiff was $7,226.10.

11.     Since Plaintiff's purchase of the account, the Defendant has not made any payments.

12.     Interest in the amount of $4,143.12 has accrued since the Plaintiff purchased this obligation.